## L. N. HALBERT v. J. D. JACKSON.

### Decided February 21, 1906.

**1.—Lease of Public School Land—Title 87, Chapter 12a, Revised Civil Statutes of Texas, 1895, and the Amendment Thereto of May, 1897, Construed.**

On October 25, 1899, the Commissioner of the General Land Office executed and delivered a lease in due form to a section of school land in Brewster County for a term of ten years, beginning August 26, 1899; at the date of the lease the land had not been classified by the Commissioner, but the same was classified by him on November 30, 1901, as dry grazing land and valued at $1.50 per acre; appellee holds by regular assignment under the original lessee. On December 23, 1904, appellant made application in regular form for the purchase of the same section of land, and complied with the requirements of the law concerning the purchase of school land. On the — day of ———, 1905, the Commissioner of the General Land Office, after receiving and considering affidavits as to whether or not said land was watered or dry grazing land, rejected appellant's application to purchase. Held, that under the law the Commissioner had the right to execute said lease before the land had been classified and appraised. It is not agricultural lands which the Commissioner is not authorized to lease for more than five years, but lands which have been classified as agricultural. The Commissioner having exercised the discretion confided to him, his action is conclusive.

Appeal from the District Court of Brewster. Tried below before Hon. B. C. Thomas.

*Morris & Van Sickle,* for appellant.—The plea set up in appellant's first supplemental petition that the land in controversy was permanently watered land at the time of the execution by the Commissioner of the Land Office of the ten year lease under which appellee claims, presented a sufficient reply in law to defeat the answer of appellee under which appellee sought to hold the land in controversy under a ten year lease for a longer period than five years; the statute having forbidden the leasing of permanently watered land for a longer period than five years which period had expired before appellant applied to purchase the land as an actual settler. Article 4218r, Revised Statutes of 1895, which, in part, reads: " . . . All lands classified as agricultural and all lands containing permanent water thereon shall be leased for a term of five years or less, and all lands classified as pastoral or dry grazing lands shall be leased for a term of not more than ten years, etc." Also R. L. Nevill, Relator, v. J. J. Terrell, Commissioner, et al., decided by our Supreme Court November 27, 1905.

The plea set up in appellant's first supplemental petition that the land in controversy was in demand for actual settlement at the time and before the lease under which appellee claims was executed stated facts which if proved invalidated the lease under which appellee claimed; the statute having forbidden the leasing of land which was in demand for actual settlement.

The evidence offered by appellant to prove that the land in controversy was permanently watered when the lease under which appellees claim was executed was admissible and would have shown the lease under which appellee claims to be invalid and the court erred in excluding it; the statute having forbidden the leasing of permanently

watered land for a longer period than five years which period had expired before appellant applied to purchase the land.

The fact, if true, that the land in controversy was in demand for actual settlement and known to be in such demand by the Commissioner of the General Land Office at and before the time he executed the lease under which appellee claims was admissible evidence to show that said lease was invalid. Art. 4218s, Rev. Stats. 1895; Anderson v. Neighbors, 94 Texas, 236.

*Sanford & Douglas,* for appellee.—An issue as to whether the land in question was a watered section at the time of the execution of the lease to defendant is immaterial in this suit, because the action of the Commissioner of the General Land Office in executing a lease is conclusive on this point and plaintiff could not, therefore, avail thereof. Sanford v. Terrell, 87 S. W. Rep., 656.

An issue as to whether the land in question was in demand for actual settlement at the time of the execution of the lease to defendant is immaterial in this suit, because the action of the Commissioner of the General Land Office in executing a lease is conclusive on this point and plaintiff could not, therefore, avail thereof.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against appellee in the ordinary form of an action of trespass to try title to recover section No. 41, in block 9, of the Galveston, Harrisburg & San Antonio Railway Company surveys, a part of the public school lands of the State, situated in Brewster County. The appellee in his answer pleaded specially that he was and had been in continuous possession of the tract of land involved in the suit from the 1st day of March, 1902, up to the present time, such possession being held and claimed by him under and by virtue of a certain lease contract duly and regularly executed by the Commissioner of the General Land Office of the State of Texas under date of October 25, 1899, and delivered to J. W. Kokernot and H. L. Kokernot for an annual rental of 10 cents per acre, for a term of 10 years from August 26, 1899; that said land belonged to the public free school fund of the State of Texas, and said lease purported to have been made under the then existing school land laws of the State; that at the time of the execution of said lease the said land had not been classified by the Commissioner of the General Land Office, but the same was afterwards, on November 30, 1901, duly classified by the Land Commissioner as dry grazing land and valued at $1.50 per acre; that on the 24th day of February, 1902, the said J. W. and H. L. Kokernot duly and regularly assigned and transferred said lease to J. B. Gillett by an instrument in writing; that on the 1st day of March, 1902, J. B. Gillett duly and regularly transferred and assigned said lease contract to appellee by an instrument of writing, since which time the appellee has been in possession of and using said land under and by virtue thereof; that all lease or rental payments have been paid to the State of Texas as provided for in said contract; and that appellee has been duly recognized by the State of Texas as the assignee under said lease contract. By his first supplemental petition, appellant averred that it is true, as alleged in defendant's first amended

original answer, that defendant claims the land in controversy by virtue of assignment to him from the original lessees, J. W. and H. L. Kokernot, as is described in his answer; but that said lease and said assignments as to the land in controversy are void and of no force for the following reasons: "(1)   Because, at the time of the execution of the said original lease, the land contained therein and the land involved in this cause had not been classified before the execution of said lease by the Commissioner of the General Land Office or by any other legal authority.   (2)   Because, at the time of the execution of the said original lease to Kokernot and Kokernot, the land in controversy in this suit, to wit, section 41, block 9, G., H. & S. A. Ry. Co., contained thereon permanent water, and that the said land from that time, including the date of plaintiff's application, and now contains permanent water; that by reason of the fact that said land contained permanent water thereon the said lease for a longer period than five years as to said section 41 was void after five years from the 26th day of August, 1899, the date from which said lease was to run, and plaintiff says that, by reason of the statute prohibiting a lease on lands containing permanent water for a period longer than five years, said land was on the market August 27, 1904, and was so on the market at the time plaintiff filed his said application to purchase same, to wit, 23d ——, 1904; that he filed his application to purchase said land on ———, 1904, and swore to his said application in due form of law and paid the one-fortieth as required by law; that he was residing on the land at the time of filing his said application to purchase, and that he has continuously resided upon the same and has not abandoned the same; that he has not bought any land subsequent to the Act approved April 19, 1901.   Plaintiff also avers that by reason of the fact that said watered land was leased for a longer period than five years that said lease contract, as to section 41, involved in this suit, was void at all times.   (3) The plaintiff further shows that before and at the time of the execution of the lease contract described in plaintiff's first amended original answer that the land involved in this suit was in demand for settlement, in this: that the plaintiff herein filed an application to purchase same, after August 26, 1899, and before said lease contract was executed, for a client, and that the said application was rejected by the Commissioner of the General Land Office for the reason that said section was not classified.   Plaintiff says that the Commissioner of the General Land Office exceeded his authority in executing said lease contract, since he had actual notice that the section involved in this suit was in demand for actual settlement and that his execution of said lease contract as pleaded by defendant did not conclude the question that it was not in demand for actual settlement in the face of the application to purchase above referred to on file in the General Land Office."   The appellee by supplemental answer, after interposing a general demurrer to the supplemental petition, specially excepted to that part thereof which alleges that defendant's lease contract was void because the land in question had not been classified at the time of the execution of said lease, because immaterial and constitutes no cause of action against defendant, and to that part of the supplemental petition in which is alleged the land in question contained permanent water thereon at the time of the execution

of the defendant's lease by the Commissioner of the General Land Office, because said allegations are irrelevant and immaterial and constitute no cause of action, and also to that part of the supplemental petition wherein it is alleged that the lease contract, under which defendant holds, is void for the reason that an application to purchase the land was pending at the time the lease was executed; it appearing from the petition that the land had not been classified at the time such application was filed and rejected. The demurrer and all of the special exceptions were presented to and sustained by the court. The case was then tried by the court without a jury, who, after hearing the evidence, rendered judgment in favor of the defendant, J. D. Jackson.

*Conclusions of Fact.* On the 23d day of December, 1904, appellant L. N. Halbert, having made due and proper settlement on the land in question, filed an application in regular form with the county clerk of Brewster County, Texas, to purchase the land in controversy, accompanied by the sum of $24 as the first payment thereon. The application was made at $1.50 per acre, and recites that said land was watered grazing land. The application was duly recorded by the clerk and forwarded to the Commissioner of the General Land Office and the first payment thereunder forwarded by the clerk to the State Treasurer at Austin. Appellant has been living on the land continuously up to the present time since the date of his first settlement thereon, which was before filing his application. The first payment by Halbert is now deposited with the State Treasurer. On the 30th day of November, 1901, the Commissioner of the General Land Office classified the land as dry grazing land and put a valuation of $1.50 per acre thereon and said classification and valuation was on the land when appellant filed his application. He has not heretofore purchased any school land from the State of Texas under the Act of 1901 or subsequent Acts and he is over 21 years old. On the 25th day of October, 1899, Charles Rogan, as Commissioner of the General Land Office, executed and delivered to J. W. and H. L. Kokernot a lease in regular form to section 41, in block 9, of 640 acres of land in Brewster County, located under certificate No. 1-709, issued to the Galveston, Harrisburg & San Antonio Railway Company, and belonged to the school fund of the State of Texas, for a consideration of 10 cents per acre per annum for a term of 10 years, beginning August 6, 1899, said lease reciting that it was made "under the authority and by virtue of title 87, chapter 12a, Revised Statutes 1895, and the amendment thereto by the Act of May 19, 1897" (Laws 1897, p. 184, chap. 129). At the time of the execution of the lease the land had not been classified by the Commissioner of the General Land Office. On the 24th day of February, 1902, J. W. and H. L. Kokernot duly and regularly assigned in writing said lease to J. B. Gillett; and he, on the 1st day of March, 1902, regularly assigned in writing said lease to J. D. Jackson, the appellee, who immediately went into possession thereunder of the land. On the —— day of ——, 1905, the Commissioner of the General Land Office, after receiving and considering affidavits as to whether or not said land was watered or dry grazing land, rejected said application to purchase the land in controversy made by appellant, and the first installment of purchase money was returned

on February 1, 1905, and delivered to him. All these payments under the aforesaid lease have been made to the State of Texas, and the appellee, J. D. Jackson, has been in possession of and using the land since the same was sublet to him by J. B. Gillett, and appellee is still the legal owner and holder of the lease contract and of all rights thereunder, and is so recognized by the State of Texas.

*Conclusions of Law.* All the questions raised by the several assignments of error are disposed of adversely to appellant by the opinion of Chief Justice Gaines in Sanford v. Terrell (Texas Sup.), 87 S. W. Rep., 655. The case of Nevell v. Terrell, 89 S. W. Rep., 971, 14 Texas Ct. Rep., 100, presents a different state of facts from this one, and is therefore inapplicable. The judgment is affirmed.

*Affirmed.*

Writ of error refused.